BAILES, Judge Pro Tem.
Gilbert Spence Waldron died on February 23, 1973, survived by his widow, Mrs. Katherine L. Waldron, and their one child, Mrs. Thelma Waldron Denn, appellant herein.
The decedent left a last will and testament, the pertinent dispositive portion of which is:
“Second, I will and bequeath unto my wife, Katherine L. Waldron, the usu-fruct of my entire estate for life, in addition to the naked title to all other property that I own at my death, subject' to and less that portion that under the law my daughter Thelma is entitled to inherit as her legitime or forced portion.”
After the probate of this olographic testament, the testator’s daughter brought this action seeking to reduce the bequest of the usufruct in favor of her mother insofar as it affects or encroaches on her forced portion. The trial court held that the above quoted bequest was a testamentary confirmation of the legal usufruct to which testator’s surviving widow was entitled under LSA-C.C. Article 916, and therefore not subject to reduction. From this adverse judgment, Mrs. Thelma Waldron Denn has appealed.
On our finding that the trial court committed error of law, we reverse and remand this proceeding to the trial court for further proceeding in accordance with law.
The trial court, in its reasons for judgment, inter alia, stated:
<< * * *
“The court has examined the subject will in its entirety and has no alternative but to conclude that Mr. Waldron intended his wife to enjoy all that the law allowed him to dispose of in her favor. It is clear that he did not in any manner dispose by testamentary disposition adversely to the usufruct created by law in favor of his surviving wife. The practical effect of the bequest in dispute (quoted supra) is to leave the disposable portion of the estate to his wife in full ownership, the forced portion to his only child, and the usufruct over that forced portion to his wife during her lifetime.
“ * * * The fact that the testator, unlike the codal provisions, did not specify that the usufruct would terminate upon remarriage does not constitute an adverse disposition or otherwise change its nature as a legal usufruct. In so holding, this Court must also conclude that the usufruct granted in favor of Katherine Waldron does not constitute an impingement upon petitioner’s legitime.
<< >}« j{c >>
The single issue presented by this appeal is whether the bequest quoted above from the testament impinges on the daughter’s legitime. In our consideration of this issue there is no need for us to become entangled in the jurisprudence distinguishing a legal usufruct and a testamentary confirmation of the usufruct granted a surviving spouse under LSA-C.C. Article 916. See Succession of Chauvin, 260 La. 828, 257 So.2d 422 (1972) and the cases cited therein.
A testamentary bequest or grant of a usufruct to the surviving spouse which tracts or conforms to the conditions of LSA-C.C. Article 916 is not an impingement on the legitime of descendants of the testator, and is considered as no more than a confirmation of what the law otherwise provides for the surviving spouse. A usu-fruct thus confirmed, as does one in an intestate situation, terminates upon remarriage of the surviving spouse. In the event of no subsequent marriage by the surviving spouse, the usufruct endures for the life of the beneficiary.
*366 When the testator departs from the provisions of Article 916 by providing that the term of the usufruct shall be for the life of the usufructuary, such bequest cannot then be considered a confirmation of the intestate codal usufruct. Such bequest then must be examined as a testamentary disposition of a testator and viewed in the light of LSA-C.C. Article 1493 protecting the rights of forced heirs. See: Succession of Young, 205 So.2d 791 (La.App. 1st Cir., 1968).
In this case, the testator has by his testament altered the usufruct otherwise provided by law under Article 916 and has established an usufruct apart therefrom. He expressly and unequivocally stipulated that the usufruct in favor of his widow was for life. This is a right not provided for by the law governing the descent and distribution of property in an intestate succession involving community property. Thus, the disposition must be examined for impingement of the legitime of the testator’s daughter. Apart from LSA-C.C. Article 916, the burdening of the forced portion with a usufruct is an encroachment not permitted. To deprive the owner of the fruits of his property is an infringement on the ownership of that property.
As the usufruct created for the life of the surviving spouse affects the “entire estate,” the daughter’s legitime is encroached on, and the bequest in favor of the surviving spouse must be reduced to free the forced portion from the encumbrance of the usufruct. The appellant is entitled to receive her forced portion of one-third of the succession of her father in full ownership under LSA-C.C. Article 1493.
The effect of our holding herein, considered within the frame work of the last will and testament is that appellant shall receive in full ownership one-third of her father’s succession and Mrs. Katherine Waldron shall receive in full ownership the disposable portion, or the remaining two-thirds thereof.
For the foregoing reasons, the judgment of the trial court is reversed, and there is judgment herein reducing the bequest of the life usufruct in favor of testator’s surviving spouse to the extent that appellant shall receive her legitime of one-third in full ownership; and it is further ordered that this matter be remanded to the trial court for further proceedings consistent with the holding hereof and in accordance with law. All costs incurred in this proceeding to reduce the bequest of the life usufruct in both the trial court and this court are assessed against the appellee.
Reversed and remanded.